FILED
United States Court of Appeals
Tenth Circuit

January 11, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:  ROHIT PODDAR,

      Debtor.

------------------------------

ROHIT PODDAR,

      Appellant,

v.

UNITED STATES TRUSTEE,

      Appellee.

No. 12-1059
(D.C. No. 1:11-CV-03009-JLK)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rohit Poddar, who at all times has proceeded pro se,[1] appeals from the district court's order dismissing for lack of jurisdiction his appeal from a bankruptcy court order. Because the district court correctly determined it lacked jurisdiction, we affirm the court's dismissal.

BACKGROUND

In February 2011, Mr. Poddar filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Georgia. Upon granting an unopposed motion of the United States Trustee, that court transferred the petition to the United States Bankruptcy Court for the District of Colorado. After the transfer, the Trustee moved to convert the case to a Chapter 7 case under 11 U.S.C. § 1112(b). The court, on October 28, 2011, granted the motion.

On November 16, Mr. Poddar filed a document the bankruptcy court construed as a motion to reconsider. The next day, he filed both a notice of appeal and a motion for an extension of time to file a notice of appeal. On January 10, 2012, the bankruptcy court denied reconsideration and an extension of time to appeal.

Meanwhile, in the district court, the Trustee moved to dismiss Mr. Poddar's appeal as untimely because it was filed beyond the fourteen-day time period for filing a notice of appeal. *See* 28 U.S.C. § 158(c)(2) (requiring appeal to "be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules"); Fed. R. Bankr. P. 8002(a)

---

[1] Accordingly, we liberally construe his pro se pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

("The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."). Mr. Poddar admitted filing his notice of appeal three days after the deadline. But he opposed the motion to dismiss on the ground that the three-day delay was not exorbitant and, in the interests of justice, his appeal should be heard on its merits. The district court granted the Trustee's motion, concluding the court lacked jurisdiction to hear the case because Mr. Poddar filed his notice of appeal after the fourteen-day filing deadline. Also, the court determined that equitable principles did not circumvent jurisdictional limitations.

Mr. Poddar moved to reconsider, asserting that he did not receive written notice of the bankruptcy court's order and he could not appeal within the fourteen-day period because he was in India. The court denied reconsideration, finding that Mr. Poddar's lack of written notice did not affect the statutory deadline for filing his appeal. *See* Fed. R. Bankr. P. 9022(a) (stating lack of notice does not affect time to appeal). This appeal followed.

JURISDICTIONAL ANALYSIS

We have jurisdiction to consider the district court's order dismissing Mr. Poddar's appeal from the bankruptcy court's order. *See* 28 U.S.C. § 158(d)(1). Thus, we may consider whether the district court properly exercised its subject matter jurisdiction under § 158(a). *In re Caterbone*, 640 F.3d 108, 111 (3rd Cir. 2011). Our review is de novo. *Id*.

- 3 -

As indicated above, § 158(c)(2) and Rule 8002(a) require a notice of appeal from a bankruptcy court order to be filed within fourteen days of the entry of that court's order. If a timely motion for reconsideration is filed within fourteen days of the order appealed from, the time for filing an appeal is tolled. *See* Fed. R. Bankr. P. 8002(b) (referring to Fed. R. Bankr. P. 9023 and 9024, which make Fed. R. Civ. P. 59 and 60 applicable to bankruptcy cases). "[T]he failure to file a timely notice of appeal from a bankruptcy court's order constitutes a jurisdictional defect." *Emann v. Latture (In re Latture)*, 605 F.3d 830, 832 (10th Cir. 2010).

Mr. Poddar does not dispute that his notice of appeal and motion for reconsideration were filed beyond fourteen days. The district court therefore correctly decided that his appeal was untimely. Because that court lacked jurisdiction, we too have no jurisdiction to review the merits of Mr. Poddar's appeal.

Mr. Poddar, however, contends the three-day delay in filing an appeal should be permitted under the equitable principle of excusable neglect, because conversion to Chapter 7 prejudiced his interests, the impact of a three-day delay was negligible, the delay was due to his being in India with his sick mother and his being too sick to travel, and he acted in good faith. Like the district court, we lack authority to extend the time for filing an appeal based on excusable neglect. Only the bankruptcy court has that authority. *See* Fed. R. Bankr. P. 8002(c)(1).

CONCLUSION

Accordingly, we affirm the district court's order dismissing Mr. Poddar's appeal for lack of jurisdiction. Mr. Poddar's request that we stay the bankruptcy court's October 28, 2011, order is denied as moot.

Entered for the Court


Bobby R. Baldock
Circuit Judge