**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2151
_____

IN RE: STANLEY J. CATERBONE,
Stanley J. Caterbone, Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT
COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 06-cv-05012)
District Judge:  Honorable Anita B. Brody
_____

Submitted Under Third Circuit LAR 34.1(a)
March 17, 2011
_____

Before: BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion Filed: April 4, 2011)
_____

Stanley J. Caterbone, *Pro se*
Advanced Media Group
1250 Fremont Street
Lancaster, PA 17603

William Kanter, Esq.
Jeffrica J. Lee, Esq.
Appellate Staff, Civil Division, Room 7537
Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Catherine L. Sakach, Esq.
Court Appointed Amicus Curiae on Behalf of the Court
Duane Morris LLP
1940 Route 70 East
Cherry Hill, NJ 08003

_____

OPINION OF THE COURT
_____

BARRY, Circuit Judge

This case involves an untimely notice of appeal to the District Court after the Bankruptcy Court's dismissal, for cause, of a Chapter 11 petition. The question before us is whether, pursuant to 28 U.S.C. § 158(c)(2) and the Federal Rules of Bankruptcy Procedure, an untimely filing such as the one at issue here deprives subsequent reviewing courts—here, both the District Court and this Court—of jurisdiction over the appeal. We conclude that it does. Accordingly, we will dismiss the instant appeal and remand to the District Court with instructions to dismiss the appeal to it from the Bankruptcy Court for lack of subject matter jurisdiction.

## I. Background

Appellant Stanley J. Caterbone filed a Chapter 11 bankruptcy petition in May 2005. The United States Trustee subsequently moved to dismiss the petition for cause, and the Bankruptcy Court granted the motion on October 3, 2006, citing various substantive and procedural deficiencies. *See* 11 U.S.C. § 1112(b).

The order of dismissal was mailed to Caterbone by first class mail on October 5, 2006. On October 16, he sent a notice of appeal by first class mail and electronic mail. However, the notice of appeal was *filed* with the District Court on October 19, rendering it untimely because it occurred outside the ten-day window, then in place, for filing

2

a notice of appeal. *See* Fed. R. Bankr. P. 8002(a) (2006).[1] It is undisputed that Caterbone did not file a "request to extend the time for filing a notice of appeal … by written motion … before the time for filing a notice of appeal ha[d] expired," nor did the Bankruptcy Court grant such an extension following "a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal … upon a showing of excusable neglect." *Id.* 8002(c)(2).

Despite its untimely filing, Caterbone's appeal was docketed in the District Court on November 14, and the Trustee did not argue that it was untimely. On March 15, 2007, the Court *sua sponte* dismissed the appeal, citing Caterbone's failure to comply with Fed. R. Bankr. P. 8006, which requires that a petitioner designate "items to be included in the record on appeal and a statement of the issues to be presented." Caterbone appealed to this Court. Shortly thereafter, the Trustee moved to dismiss the appeal, citing, for the first time, Caterbone's initial untimely notice of appeal, and arguing that, as a result of the untimely filing, the District Court lacked subject matter jurisdiction.

Following various intervening events, including the appointment of amicus curiae, the case is now before us. The Trustee argues that, consistent with *Bowles v. Russell*, 551

---

[1] In amending Fed. R. Bankr. P. 8002(a), effective December 1, 2009, to expand the time for filing a notice of appeal to fourteen days, the Supreme Court's accompanying Order provided that the amendment "shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Supreme Court of the United States, Order Amending Federal Rules of Bankruptcy Procedure (Mar. 26, 2009). The Trustee argues that the "just and practicable" rationale is inapplicable here. Moreover, the Trustee notes that Caterbone's notice of appeal was *dated*, but not *filed*, on October 16, and argues, persuasively in our view, that even if the expanded period were to apply, the notice of appeal was still untimely because it was filed the sixteenth day after entry of the Bankruptcy Court's order.

3

U.S. 205 (2007), Section 158(c)(2) established a mandatory, jurisdictional deadline that statutorily encompasses Rule 8002(a)'s specified timeline for appealing the judgment of a bankruptcy court, such that the timeline is not akin to a freestanding, waivable "claim-processing rule" within the meaning of *Kontrick v. Ryan*, 540 U.S. 443 (2004). Amicus argues similarly. Caterbone, on the other hand, elides the *Bowles* analysis and argues, *inter alia*, that his untimely filing should be addressed, and excused, under the standard of "excusable neglect" set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

For the reasons explained below, we hold that the prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional, thus affirming, in light of *Bowles*, the rule that we applied in *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997).

## II. Jurisdiction and Standard of Review

Jurisdiction is the threshold issue in this case, and we must address its relevance both to the decision rendered by the District Court, and to our review of that decision. Thus, as an initial matter, we note that we have jurisdiction over the final decision that the District Court rendered on Caterbone's appeal from the Bankruptcy Court. 28 U.S.C. § 158(d)(1). Our authority includes reviewing whether the District Court's own exercise of jurisdiction, per § 158(a), was proper. That is because "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived[, such that courts] … have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (internal quotation marks and citation omitted).

Ordinarily, we apply plenary review to final orders of a district court sitting as an appellate court reviewing the decision of a bankruptcy court. *In re Carnegie Ctr. Assocs.*, 129 F.3d 290, 294 (3d Cir. 1997). However, following from

our obligation to determine the threshold issue of subject matter jurisdiction, *see Arbaugh*, 546 U.S. at 514, and where, as here, a party "contest[s] our jurisdiction and that of the District Court, … [w]e exercise de novo review over [the] question[] of subject matter jurisdiction." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010). This is the case even where, again as here, a district court "exercis[es its] jurisdiction" and dismisses a cause of action for some other reason. *Id.* If our independent review yields the conclusion that the District Court lacked subject matter jurisdiction over an appeal from the Bankruptcy Court, the appropriate disposition is dismissal of the appeal. *In re Caribbean Tubular Corp.*, 813 F.2d 533, 535 (1st Cir. 1987) (holding that where it is found that a district court lacked appellate jurisdiction over a bankruptcy court order, the court of appeals must dismiss the appeal to it, and remand to the district court with instructions to vacate its order and to dismiss the appeal from the bankruptcy court).

### III. Discussion

An appeal from a decision of a bankruptcy court is subject to the requirements of 28 U.S.C. § 158(c)(2), which provides that appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." When Caterbone filed his appeal, that rule provided, in relevant part, that "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a) (2006).

Although *Kontrick* affirmed as "'axiomatic'" the proposition that requirements contained in a bankruptcy rule alone are not jurisdictional (and, hence, are waivable), 540 U.S. at 453 (citation omitted), Section 158 provides the statutory basis for the courts' jurisdiction over bankruptcy appeals. *See* 28 U.S.C. § 158(a) & (d) (specifying circumstances of "district courts['] … jurisdiction to hear appeals" and the "courts of appeals['] … jurisdiction"). Because Section 158 also specifies the time within which an

appeal must be taken—i.e., "in the time provided by Rule 8002"—that requirement is jurisdictional. As *Bowles* clarified, both acknowledging and distinguishing *Kontrick*, "the taking of an appeal within [a statutorily] prescribed time is mandatory and jurisdictional." 551 U.S. at 209 (internal quotation marks and citations omitted). Accordingly, "failure to file [a] notice of appeal in accordance with the statute therefore deprive[s] … [courts] of jurisdiction[, and bars a party from] … rely[ing] on forfeiture or waiver to excuse [a] lack of compliance with the statute's time limitations." *Id.* at 213 (citation omitted).

Here, even though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable. As the Supreme Court recently observed, while "the distinction between jurisdictional conditions [i.e., à la *Bowles*] and claim-processing rules [i.e., à la *Kontrick*] can be confusing in practice[,] … *Bowles* stands for the proposition that context, including th[e] Court's interpretation of similar provisions in many years past, is relevant to whether a statute ranks a requirement as jurisdictional." *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1243, 1247-48 (2010).

Beyond the fact that the statutory text of Section 158(c)(2) incorporates a time condition, historical context also supports our holding. Prior to *Kontrick* and *Bowles*, we regarded Rule 8002(a)'s time limit for filing a notice of appeal as jurisdictional. *See Shareholders*, 109 F.3d at 879; *Whitemere Dev. Corp., Inc. v. Cherry Hill Twp.*, 786 F.2d 185, 187 (3d Cir. 1986); *In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3d Cir. 1985). *Kontrick*—and, later, *Eberhart v. United States*, 546 U.S. 12 (2005)—arguably provided the opportunity to question whether this rule remained correct. That being said, a careful reading of *Kontrick*, *Bowles*, and *Reed Elsevier* confirms that the rule we affirmed in *Shareholders*, *Whitemere*, and *Universal Minerals* remains the rule today.

In holding that time constraints for objecting to a

discharge in bankruptcy are non-jurisdictional "claim-processing rules," *Kontrick* noted that Congress's statutory grant of jurisdiction to the courts to adjudicate discharges in bankruptcy contains no reference to a time condition. 540 U.S. at 452-53 (citing 28 U.S.C. § 157(b)(1), (b)(2)(I), and (b)(2)(J)).[2] To the contrary, in holding that the statutorily-prescribed time provision for filing an appeal in a federal habeas corpus proceeding *is* jurisdictional, *Bowles* expressly stated: "Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." 551 U.S. at 214. Moreover, notwithstanding the fact that *Arbaugh* could be read to state that a clear statement rule applies to Congress's identification of a statutory limitation as jurisdictional, *see* 546 U.S. at 515-16,[3] *Reed Elsevier* more recently clarified that, again à la *Bowles*,

> the relevant question … is not … whether [a particular statutory provision] itself has long

---

[2] Likewise, in *Eberhart*, 546 U.S. at 16, 21, the Court concluded that time provisions in the Federal Rules of Criminal Procedure were non-jurisdictional, and thus waivable. In *Arbaugh*, 546 U.S. at 515, the Court concluded that a numerical provision affecting Title VII claims, but which was separate from Title VII's jurisdictional provision, thereby was not jurisdictional.

[3] As the Court stated in *Arbaugh*:
> [W]e think it the sounder course to refrain from constricting § 1331 or Title VII's jurisdictional provision, and to leave the ball in Congress' court. If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

546 U.S. at 515-16 (internal citations and reference omitted).

7

been labeled jurisdictional, but whether the type of limitation that [it] imposes is one that is properly ranked as jurisdictional absent an express designation. The statutory limitation in *Bowles* was of a type that we had long held did "speak in jurisdictional terms" even absent a "jurisdictional" label, and nothing about [that provision's] text or context, or the historical treatment of that type of limitation, justified a departure from this view.

130 S. Ct. at 1248.

It is evident, in light of *Shareholders*, *Whitemere*, and *Universal Minerals*, that we "ha[ve] long held" that Section 158(c)(2)'s incorporation of the filing timeline specified in Rule 8002(a) "speak[s] in jurisdictional terms[,] even absent a jurisdictional label, and [that] nothing about [its] text or context, or [its] historical treatment … justifie[s] a departure from this view." *See Reed Elsevier*, 130 S. Ct. at 1248. Because it was both prior to and shortly after *Reed Elsevier* that we affirmed in non-precedential opinions that the time requirement for filing a bankruptcy appeal is jurisdictional, we now take the occasion to so hold in a precedential opinion.[4] Doing so comports with the fact that, unlike the rules that *Eberhart* and *Kontrick* held were non-jurisdictional, Rule 8002(a)'s time limit is rooted in a congressionally-enacted statute. *See* Fed. R. Bankr. P. 8002, advisory committee note (noting that "th[e] rule is an adaptation of" Fed. R. App. P. 4(a)); *see also Bowles*, 551 U.S. at 212, 213 ("[A] statute-based filing period for civil cases is jurisdictional. . . . Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them. Put another way, the notion of subject-matter jurisdiction obviously extends to … when Congress prohibits federal courts from adjudicating an otherwise legitimate class of

---

[4] For purposes of reference only, we note *In re Taylor*, 343 F. App'x 753, 755 (3d Cir. 2009), and *In re Jacobowitz*, 384 F. App'x 93, 94 (3d Cir. 2010).

cases after a certain period has elapsed from final judgment." (internal quotation marks and citations omitted)). Taking all of this into consideration, we conclude that the rule we enunciated in *Shareholders* remains good law.[5]

Given the fact that subject matter jurisdiction over Caterbone's appeal to the District Court was, and is, lacking—and that jurisdictional defect also bars us from reviewing the merits of his appeal to us—we need not address the Court's dismissal of his appeal for failure to prosecute. Nor need we address Caterbone's argument that his "excusable neglect" saves his untimely filing, given the clear text of Rule 8002 and the guidance of *Shareholders*:

> Rule 8002(c) … requires that even in cases of excusable neglect, the issue must be raised and the appeal filed within the … window of Rule 8002 (Rule 8002(a)'s [timeline] for the appeal + 8002(c)'s [timeline] for the extension). The rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired.

109 F.3d at 879 (internal citations omitted). Finally, we decline to address Caterbone's remaining arguments, because they do not pertain to the threshold issue of jurisdiction.

## IV. Conclusion

For the foregoing reasons, we will dismiss the instant appeal and remand to the District Court with instructions to dismiss Caterbone's appeal from the Bankruptcy Court for lack of subject matter jurisdiction.

---

[5] Our conclusion is consistent with the holdings of our sister circuits that have affirmed that the filing timeline for bankruptcy appeals is jurisdictional. *See In re Latture*, 605 F.3d 830, 837 (10th Cir. 2010); *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007); *In re B.A.R. Entm't Mgmt., Inc.*, 2010 WL 4595554 (2d Cir. Nov. 15, 2010) (citing *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005)).