OPINION
PER CURIAM.
Appellant Jean L. Jones, proceeding pro se, appeals from the District Court’s dismissal of her appeal from a decision of the United States Bankruptcy Court for the District of New Jersey. For the reasons that follow, we will affirm the judgment of the District Court.
*104 On March 11, 2009, the Bankruptcy Court issued a ruling denying Jones’ motion for accounting in her bankruptcy proceedings. Jones subsequently filed a “Motion to Enforce the Provisions of Title 8 of the Civil Rights Act of 1968,” which the Bankruptcy Court construed as a motion for reconsideration of its March 11, 2009 ruling. The Bankruptcy Court denied Jones’ motion for reconsideration by order entered on October 29, 2009. Jones was discharged from bankruptcy on March 2, 2012, and a final decree was entered on March 5, 2012 thereby closing the case.
On June 6, 2012, Jones filed a notice of appeal of the Bankruptcy Court’s order denying her earlier motion for reconsideration. After holding oral argument on the matter, the District Court dismissed Jones’ appeal. Jones argued that she was entitled to relief because the Bankruptcy Judge assigned to her case engaged in fraud by ruling against her. Finding no error in the Bankruptcy Court’s prior ruling, and no evidence of fraud, the District Court dismissed Jones’ case. This appeal followed.
After reviewing the record, we conclude that the District Court did not have jurisdiction over Jones’ appeal from the order of the Bankruptcy Court.[1] A party has fourteen days from the date of the entry of the judgment to file a notice of appeal. See Fed. R. Bankr.P. 8002(a). This time requirement is jurisdictional, see In re Caterbone, 640 F.3d 108, 113 (3d Cir.2011), and a party’s failure to file a timely notice of appeal creates a defect that bars subsequent appellate review. Id. at 112; S’holders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir.1997).
Here, assuming that the Bankruptcy Court’s October 29, 2009 discovery order was interlocutory and not appealable at the time that it was entered, see Adapt of Phila. v. Phila. Hous. Auth., 433 F.3d 353, 360 (3d Cir.2006), Jones had 14 days from entry of final judgment in her case to seek review of that order. Jones did not file her notice of appeal until June 26, 2012, more than three months after final judgment had been entered in her case. Her notice of appeal was therefore untimely. Accordingly, because the District Court did not have jurisdiction to review the Bankruptcy Court’s order, we too are precluded from reviewing the merits of the October 29, 2009 order of the Bankruptcy Court.
For these reasons, we will affirm the judgment of the District Court dismissing Jones’ case.

. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n. 1 (3d Cir.2011).