GLD-243                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1266
_____

IN RE:  CAROLE L. TAYLOR,

                                                                  Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:12-cv-01846)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 16, 2013

Before:  FUENTES, FISHER and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 24, 2013)
_____

OPINION
_____

PER CURIAM

        Carole Taylor, proceeding pro se, appeals from the District Court's January 10,

2013 order, which denied her requests for recusal and a stay, and dismissed her

bankruptcy appeal for lack of jurisdiction.  For the reasons that follow, we will

summarily affirm.

I.

Since 2010, Taylor has been embroiled in various proceedings in the United States Bankruptcy Court for the Western District of Pennsylvania. In 2011, Ronda Winnecour, the Chapter 13 Trustee who has been involved in those proceedings, filed an adversarial action in the Bankruptcy Court against Taylor and other defendants. On October 24, 2012, the Bankruptcy Court dismissed that action as moot in light of a settlement agreement approved earlier that year.

Taylor, believing that she had been wronged, appealed from the Bankruptcy Court's October 24, 2012 decision. Although the deadline for appealing from that decision was November 7, 2012, see 28 U.S.C. § 158(c)(2); Fed. R. Bankr. P. 8002(a), Taylor did not file her notice of appeal until November 21, 2012. Thereafter, Winnecour moved to dismiss the appeal, arguing, inter alia, that the appeal was untimely. Taylor, meanwhile, moved to recuse the presiding District Judge – the Honorable Arthur J. Schwab – and also filed a "Motion Urgent Open Certain for Supercedeas [sic] Injunction (Stay)," requesting "an Immediate STAY Pending appeal." On January 10, 2013, the District Court denied Taylor's motions and granted Winnecour's motion to dismiss. In doing so, the District Court concluded that Taylor's notice of appeal was untimely and that, as a result, the court lacked jurisdiction to consider her appeal.

Taylor now seeks review of the District Court's judgment.

II.

We have jurisdiction over Taylor's appeal from the District Court's judgment pursuant to 28 U.S.C. §§ 158(d) and 1291. We exercise de novo review over the District Court's determination that it lacked jurisdiction to consider her bankruptcy appeal. See In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011). We review the District Court's denial of her motion to recuse, as well as that court's denial of her stay motion, for abuse of discretion. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (reciting standard for reviewing denial of recusal motion); Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011) (reciting standard for reviewing denial of stay motion).

For substantially the reasons provided by the District Court, the denial of Taylor's motion to recuse did not constitute an abuse of discretion. Furthermore, Taylor has not demonstrated that the District Court abused its discretion when it denied her motion for a stay. Finally, for substantially the reasons provided by the District Court, we agree that Taylor's bankruptcy appeal was untimely and that, as a result, the District Court lacked jurisdiction to consider it. See Caterbone, 640 F.3d at 111-12 (citing, inter alia, 28 U.S.C. § 158(c)(2) and Bowles v. Russell, 551 U.S. 205, 209 (2007)). That jurisdictional defect bars not only the District Court, but also us, from reviewing the merits of Taylor's bankruptcy appeal. See Caterbone, 640 F.3d at 113.

Because Taylor's appeal from the District Court's judgment does not present a substantial question, we will summarily affirm that judgment. See 3d Cir. I.O.P. 10.6.

3