GLD-242                                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1265
_____

IN RE:  CAROLE L. TAYLOR,

                                                                Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:12-cv-01739)
District Judge:  Honorable Nora B. Fischer

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 16, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: May 24, 2013)
_____

OPINION
_____

PER CURIAM

        Carole Taylor, proceeding pro se, appeals from the District Court's January 17,

2013 order dismissing her bankruptcy appeal for lack of jurisdiction.  For the reasons that

follow, we will summarily affirm.

Since 2010, Taylor has been embroiled in various proceedings in the United States Bankruptcy Court for the Western District of Pennsylvania. In July 2012, Ronda Winnecour, the Chapter 13 Trustee who has been involved in those proceedings, moved for an injunction precluding Taylor and her "Insiders" – Taylor's two daughters and TOLATR Highland Park Preparatory Academy/EPIC, Inc. – from filing any further documents without the Bankruptcy Court's consent. The Bankruptcy Court treated that motion as a new adversary proceeding and assigned it case number 12-02299. On October 1, 2012, the Bankruptcy Court denied the motion for an injunction and directed the Bankruptcy Court Clerk to close that adversary proceeding. In that same decision, the Bankruptcy Court ordered that if Taylor or any of her Insiders "files a pleading or other document in this Court, the Clerk shall not schedule a response or hearing pending further order of this Court after review of the matter(s) in Chambers."

The deadline for appealing from the Bankruptcy Court's October 1, 2012 decision was October 15, 2012. See 28 U.S.C. § 158(c)(2); Fed. R. Bankr. P. 8002(a). Taylor, however, did not file her notice of appeal until October 26, 2012. Thereafter, Winnecour moved the District Court to dismiss the appeal, arguing, inter alia, that the appeal was untimely. On January 17, 2013, the District Court granted that motion and dismissed the appeal for lack of jurisdiction, agreeing with Winnecour that the appeal was untimely. Taylor now seeks review of the District Court's judgment.

## II.

We have jurisdiction over Taylor's appeal from the District Court's judgment pursuant to 28 U.S.C. §§ 158(d) and 1291.  We exercise de novo review over the District Court's determination that it lacked jurisdiction to consider Taylor's bankruptcy appeal. See In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011).

For substantially the reasons provided by the District Court, we agree that Taylor's bankruptcy appeal was untimely and that, as a result, the District Court lacked jurisdiction to consider it.  See id. at 111-12 (citing, inter alia, 28 U.S.C. § 158(c)(2) and Bowles v. Russell, 551 U.S. 205, 209 (2007)).  That jurisdictional defect bars not only the District Court, but also us, from reviewing the merits of Taylor's bankruptcy appeal.  See Caterbone, 640 F.3d at 113.  Because her appeal from the District Court's judgment does not present a substantial question, we will summarily affirm that judgment.  See 3d Cir. I.O.P. 10.6.  Taylor's request for an "Expedited Emergency Supercedeas [sic] automatic stay pending appeal" is denied.  To the extent one of her daughters, Colette Taylor, requests leave to intervene in this appeal, that request is denied as well.

3