**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1278
_____

In re:  SYED M. HUSSAIN,
                                         Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3-12-cv-03278)
District Judge:  Honorable Joel A. Pisano

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 6, 2013
Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: August 8, 2013)
_____

OPINION
_____

PER CURIAM

        Syed Hussain, proceeding pro se, appeals an order of the United States District Court

for the District of New Jersey dismissing his appeal of an order of the United States

Bankruptcy Court for the District of New Jersey.  Hussain also appeals a District Court order

enjoining him from filing future motions and actions against the Appellee, Barry Frost.  For the

reasons that follow, we will dismiss Hussain's appeal related to the Bankruptcy Court's order

and affirm the District Court's order imposing sanctions.

In 1999, Hussain filed a bankruptcy petition pursuant to Chapter 13 of the United States Bankruptcy Code. His case was converted to Chapter 7 and Frost was appointed as Interim Trustee. On May 13, 2011, the Bankruptcy Court issued a final decree stating that the case had been fully administered. The Bankruptcy Court discharged Frost and closed the case. On March 1, 2012, Hussain filed a motion to compel Frost to account for and turn over rents collected by Frost's property manager. The Bankruptcy Court denied the motion in an order entered April 9, 2012.

Hussain appealed the Bankruptcy Court's order to District Court. Frost moved to dismiss the appeal on the grounds that it was untimely filed and frivolous. Frost also moved for sanctions against Hussain under Federal Rule of Civil Procedure 11 based on Hussain's alleged abuse of the judicial process. The District Court dismissed Hussain's appeal and granted the motion for sanctions to the extent Frost sought to enjoin Hussain from filing further motions against him in the bankruptcy case and further actions against him in state and federal court. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). The District Court did not state in its order the basis of its decision to dismiss Hussain's appeal of the Bankruptcy Court's order. Because Frost has challenged the timeliness of that appeal, we exercise de novo review over the question of the District Court's jurisdiction. In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011).

Hussain was required to file his notice of appeal with the clerk within 14 days of the Bankruptcy Court's April 9, 2012 order denying his motion to compel. Fed. R. Bankr. P.

2

8002(a). Hussain dated his notice of appeal April 13, 2012, but it is date-stamped received and was filed in Bankruptcy Court on May 3, 2012. The date a court receives a notice of appeal controls whether it was timely filed. See United States v. Solly, 545 F.2d 874, 876 (3d Cir. 1976) (construing Federal Rules of Appellate Procedure); see also Caterbone, 640 F.3d at 110 (looking at date notice of appeal in bankruptcy case was filed, not sent, in assessing timeliness). Because Hussain's notice of appeal was received after the 14-day time period expired on April 23, 2012, it was untimely.[1] Hussain also did not file a motion to extend the time for filing a notice of appeal pursuant Rule 8002(c). The District Court thus lacked jurisdiction to entertain Hussain's appeal. See Caterbone, 640 F.3d at 111-12 (holding time for filing notice of appeal under Rule 8002 is jurisdictional). As a result, we also lack jurisdiction over Hussain's appeal of the District Court's dismissal order. Id. at 113.[2]

Although the District Court lacked jurisdiction over Hussain's appeal, it had the power to order sanctions under Federal Rule of Civil Procedure 11 that are collateral to the merits of the appeal. Tellado v. IndyMac Mortg. Serv., 707 F.3d 275, 281 (3d Cir. 2013). Frost's motion for sanctions was based on Hussain's alleged abuse of the judicial system. Frost sought sanctions under Rule 11 based upon Hussain's repeated motions, filed after the bankruptcy case was closed, that attempted to relitigate decided issues or that lacked merit. In

---

[1] Hussain appears to have attempted to e-mail a notice of appeal to the Bankruptcy Judge's chambers on April 13, 2013. Chambers replied the same day that the court required an original signature and that Hussain must mail or bring his notice of appeal to the court before the 14-day deadline expired. Hussain's e-mail did not satisfy Federal Rule of Bankruptcy Procedure 8002, which requires that a "notice of appeal shall be filed with the clerk . . . ." Fed. R. Bankr. P. 8002(a).

[2] We thus will not address Frost's alternative argument that the appeal is frivolous.

its order granting the request for sanctions, the District Court considered Frost's motion, which described some of the filing history, and found that Hussain had engaged in vexatious legal tactics in bad faith as demonstrated by the frivolousness of his multiple motions and appeals. To address this conduct, the District Court entered an injunction barring Hussain from filing any further legal action or making motions in matters in which he and Frost were litigants but it imposed no monetary sanction. The sanction of enjoining future filings by Hussain did not have the effect of adjudicating the merits of the appeal and the sanctions order was thus within the District Court's authority. See id.[3]

We generally review a ruling on a motion for Rule 11 sanctions for abuse of discretion. Gary v. The Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008). Hussain, however, has not developed in his brief any legal argument as to why the District Court's order constituted an abuse of discretion. He states only that the sanctions "are not justified, as can be seen from the 341 meeting matter . . . ." Appellant's Br. at 6. Hussain contends in his brief that Frost misrepresented in his bankruptcy proceedings that Hussain attended this meeting, but the meeting has nothing to do with Frost's motion for sanctions. Hussain has not shown that the District Court abused its discretion.

Accordingly, we will dismiss this appeal to the extent Hussain appeals the District Court's dismissal of his appeal of the Bankruptcy Court's order and we will affirm the District Court's order imposing sanctions. To the extent Hussain requests other relief from this Court, see Appellant's Br. at 7-8, such requests are not properly before us.

---

[3]Frost did assert in his motion for sanctions that Hussain's appeal was frivolous, but the motion and attorney certification focus on Hussain's alleged abuse of the judicial process.

4