**CLD-015**                                                                                      **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 15-1382

_____

IN RE: JAMES COPPEDGE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 1:13-cv-01374)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted on Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 16, 2015
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  October 28, 2015)

_____

**OPINION**\*

_____

PER CURIAM

     Pro se appellant James Coppedge appeals from the District Court's dismissal of

his appeal from an order entered in the United States Bankruptcy Court.  Because

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Coppedge's appeal presents no substantial question, we will grant Trustee Michael B.

Joseph's ("Trustee") motion to summarily affirm the District Court's order.

## I.

In 2013, Coppedge filed a bankruptcy petition in the United States Bankruptcy

Court for the District of Delaware.  See In re Coppedge, Bankr. Case No. 13-11098

(Bankr. D. Del. 2013).  Upon the Trustee's motion, the Bankruptcy Court entered an

order dismissing the case on June 27, 2013.  Coppedge's appeal from that order was

dated July 15, 2013, and filed in the Bankruptcy Court on July 17, 2013.  The notice of

appeal was transmitted to the District Court on August 1, 2013.

The Trustee filed a motion to dismiss for lack of subject matter jurisdiction

because the appeal was untimely filed.  Coppedge did not oppose the motion to dismiss,

and instead filed an "affidavit of default" and petitions to "affirm settlements" and to

affirm "the debt discharge."  On January 15, 2015, the District Court agreed that

Coppedge's appeal was untimely under Federal Rule of Bankruptcy Procedure 8002(a),

and dismissed his appeal for lack of subject matter jurisdiction.

Coppedge timely appealed to this Court, and the Trustee has filed a motion for

summary action, which Coppedge opposes.

## II.

We have jurisdiction over the District Court's final decision as to Coppedge's

appeal from the Bankruptcy Court.  28 U.S.C. § 158(d)(1).  We exercise de novo review

2

over the question of subject matter jurisdiction. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

The District Court properly determined that it did not have jurisdiction over Coppedge's appeal from the Bankruptcy Court. Appeals from bankruptcy courts must be brought "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). And Rule 8002(a)(1) states that a notice of appeal must be filed within 14 days of the entry of a bankruptcy court's order. We have held that this 14-day time limit is mandatory and jurisdictional. In re Caterbone, 640 F.3d 108, 110, 113 (3d Cir. 2011).

In this case, the Bankruptcy Court entered an order dismissing Coppedge's case on June 27, 2013. Accordingly, under Rule 8002(a)(1), Coppedge's notice of appeal was due on July 11, 2013.[1] Coppedge dated his notice of appeal July 15, 2013, and the Bankruptcy Court received it on July 17th. Coppedge also did not request an extension of time to appeal. See Fed. R. Bankr. P. 8002(c). Thus, as the District Court determined, his notice of appeal was untimely and it lacked jurisdiction to review the Bankruptcy Court's order. See In re Caterbone, 640 F.3d at 110; S'holders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997). Further, because the District Court lacked jurisdiction over the case, it also properly denied as moot Coppedge's petition to affirm settlements and

[1] The District Court stated that the notice of appeal was due on July 12, 2015. This error is harmless, as it did not affect the outcome of the case. See McQueeney v. Wilmington Trust Co., 779 F.2d 916, 917, 924-28 (3d Cir. 1985) (holding that court can find errors harmless only if it is highly probable that the errors did not affect the outcome of the case).

request for default.  Accordingly, we will affirm the District Court's January 15, 2015 order.[2]

Coppedge's motion to stay the bankruptcy proceedings and US Bank National Association's motion to intervene to oppose the motion to stay the bankruptcy proceedings are denied as moot.

---

[2] Because we affirm on the basis of the District Court's determination regarding the appeal's untimeliness, we need not consider the other bases for its decision or Coppedge's arguments concerning the District Court's denial of his various motions.