BLD-266                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3262

_____

IN RE: HENRY W. JARUSIK and KATHLEEN M. BRADY,
Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Misc. No. 2-15-mc-00105)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted on Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2016
Before:  FUENTES, KRAUSE, and SCIRICA, Circuit Judges

(Opinion filed:  June 10, 2016)

_____

OPINION*

_____

PER CURIAM

     Pro se appellants Henry W. Jarusik and Kathleen M. Brady ("Appellants") appeal

from the District Court's dismissal of their appeal from an order entered in the United

States Bankruptcy Court.  Because the appeal presents no substantial question, we will

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

grant Trustee William C. Miller's ("Trustee") motion to summarily affirm the District Court's order.

In July 2012, Appellants filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Upon the Trustee's motion, the Bankruptcy Court entered an order dismissing the case on September 23, 2014.[1] On March 18, 2015, Appellants filed in the District Court a motion seeking reconsideration of the Bankruptcy Court's September 23, 2014 dismissal order. The District Court construed Appellants' motion for reconsideration as a notice of appeal from the Bankruptcy Court's September 23, 2014 order. Upon review of Appellants' filing, the District Court determined that the appeal was untimely under Federal Rule of Bankruptcy Procedure 8002(a), and dismissed the appeal for lack of subject matter jurisdiction.

Appellants timely appealed to this Court, and the Trustee has filed a motion for summary affirmance, which Appellants have not opposed.[2]

We have jurisdiction to review the District Court's final decision pursuant to 28 U.S.C. § 158(d)(1).[3] We exercise de novo review over the question of subject matter

---

[1] The Bankruptcy Court's order also barred Appellants from filing another bankruptcy petition for a period of one year.

[2] We have, however, considered the arguments presented by Appellants in their informal brief.

[3] We earlier denied Appellants' emergency request to stay the sale of their property, which was scheduled for March 17, 2016.

2

jurisdiction.  <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 163 (3d Cir. 2010).

As an initial matter, we agree with the District Court's decision to characterize Appellants' motion for reconsideration as a notice of appeal.  Appellants filed their motion directly in the District Court and requested that the District Court vacate the decision of the Bankruptcy Court and remand the case for further proceedings.  Thus, because Appellants were clearly seeking to appeal the Bankruptcy Court's final order (rather than requesting that the Bankruptcy Court reconsider its own order), the District Court properly construed Appellants' filing as notice of appeal.  Indeed, Appellants do not take issue with the District Court's characterization of their filing.

Upon review of the record, we conclude that the District Court properly determined that it did not have jurisdiction over Appellants' appeal from the order of the Bankruptcy Court.  Appeals from bankruptcy courts must be brought "in the time provided by Rule 8002 of the Bankruptcy Rules."  28 U.S.C. § 158(c)(2).  Rule 8002(a)(1) states that a notice of appeal must be filed within 14 days of the entry of a bankruptcy court's order.  We have held that this 14-day time limit is mandatory and jurisdictional.  <u>In re Caterbone</u>, 640 F.3d 108, 110, 113 (3d Cir. 2011).

In this case, the Bankruptcy Court entered its order dismissing Appellants' bankruptcy case on September 23, 2014.  Accordingly, under Rule 8002(a)(1), Appellants' notice of appeal was due by October 7, 2014.  Appellants filed their appeal almost six months later, on March 18, 2015.  Appellants also did not request an extension

3

of time to appeal.  See Fed. R. Bankr. P. 8002(c).  Thus, as the District Court determined, Appellants' notice of appeal was untimely and it lacked jurisdiction to review the Bankruptcy Court's order.  See In re Caterbone, 640 F.3d at 110; S'holders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997).  Accordingly, we will affirm the District Court's August 27, 2015 order.