**CLD-121**                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4202
_____

In re: CRAIG DEVON MURPHY,
                                                                Debtor

CRAIG DEVON MURPHY,
                                                                Appellant

v.

SALLIE MAE, DEPARTMENT OF EDUCATION;
SLM CORPORATION;
U.S. DEPARTMENT OF EDUCATION;
THE EDUCATIONAL CREDIT MANAGEMENT COMPANY (ECMC)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-16-cv-01082)
District Judge: Honorable Cathy Bissoon
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 2, 2017

Before: SHWARTZ, GREENBERG and FISHER, Circuit Judges

(Opinion filed: February 10, 2017)

_____

OPINION*

_____

PER CURIAM

Craig Murphy, proceeding pro se, appeals from the District Court's order that dismissed with prejudice his bankruptcy appeal. As no substantial question is raised by the appeal, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4.

Murphy filed for protection under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania.[1] He then started an adversary proceeding against the United States Department of Education ("DOE"), and others,[2] docketed at Adversary Proceeding No. 14-02155-CMB, in order to discharge educational loan debt. Following summary judgment motions, responses, and oral argument, Judge Carlota M. Böhm determined that Murphy's student loan debt was not dischargeable in bankruptcy. The Judge then entered a Memorandum Opinion and an Order on August 13, 2015 ("the August order"), granting the DOE's summary judgment motion and denying Murphy's summary judgment motion.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The matter was docketed at No. 14-22073-CMB.

[2] The others were dismissed and are not parties to this appeal.

On January 19, 2016, Murphy filed a motion to reopen, "so that the debtor may notice his adversary proceeding appeal to the United States District Court for the Western District of Pennsylvania." After considering the DOE's response, Murphy's reply, and a hearing on the motion, the Bankruptcy Court denied the motion to reopen on April 7, 2016, holding that it would be futile to reopen the matter because Murphy's proposed appeal to the District Court was untimely.[3] Murphy then filed a motion seeking reconsideration of that order. After considering responses and holding a hearing, the Bankruptcy Court denied the motion, but directed the Clerk to "transmit Mr. Murphy's untimely Notice of Appeal [of the August order] to the District Court to the extent the District Court has jurisdiction to consider it."[4]

In the District Court, the DOE filed a motion to dismiss the appeal, arguing that the District Court lacked jurisdiction because the notice of appeal was untimely filed. Murphy argued, as he did in the Bankruptcy Court, that the August order did not meet the "separate order" requirements of Rule 58 of the Federal Rules of Civil Procedure, and that it thus was not "entered" until 150 days later; i.e. on January 10, 2016. He also argued that the August order was not final because it denied his motion for summary judgment, it did not "fix the amount of damages," and because it did not address all of his

---

[3] The Court also denied Murphy's motion to recuse.

[4] Murphy did not appeal the Bankruptcy Court's orders denying his motion to reopen and his motion to reconsider. See Fed. R. Bankr. P. 8002(b)(3) (requiring separate notice of appeal or amended notice of appeal if party seeks review of order deciding post-judgment motion).

arguments. The District Court rejected Murphy's arguments and granted the DOE's motion to dismiss, holding that it lacked jurisdiction over Murphy's untimely notice of appeal. Murphy timely appealed that order. We now have before us the DOE's motion to summarily affirm the District Court's judgment, and Murphy's response.

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1) and we exercise de novo review over the District Court's conclusion that it lacked jurisdiction. In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011). We agree with the District Court that the August order was final and appealable, and that Murphy's notice of appeal therefrom was untimely.

"[A] bankruptcy court order ending a separate adversary proceeding is appealable as a final order even though that order does not conclude the entire bankruptcy case." In re Prof'l Ins. Mgmt., 285 F.3d 268, 281 (3d Cir. 2002) (quoting In re Moody, 817 F.2d 365, 367-68 (5th Cir. 1987)). The August order finally determined the issue in the adversary proceeding—whether Murphy's student loan debt was dischargeable in bankruptcy. We agree with the District Court that the fact that the Bankruptcy Court did not address all of Murphy's *arguments* does not mean that it failed to resolve all of the *claims* before it. And there were no "damages," as such, for the Bankruptcy Court to "fix" in its order--rather, the order determined that Murphy was liable to pay the full amount of his student loan debt, which was the only question before it in the adversary proceeding. Further, although an order denying a motion for summary judgment, without more, generally is not immediately appealable, that is because the order does not finally determine all the questions before it. See Plumhoff v. Rickard, 134 S. Ct. 2012, 2018

4

(2014). In contrast, the District Court here *granted* the DOE's summary judgment motion in the same order, thus disposing of all claims in the adversary proceeding. The Bankruptcy Court's August order was thus final and appealable.

The remaining question, then, is whether Murphy's appeal was timely filed. A notice of appeal from a final Bankruptcy Court order must be filed within 14 days of the date of its entry. See Fed. R. Bankr. P. 8002(a). That time restraint is mandatory and jurisdictional. See Caterbone, 640 F.3d at 111.[5] But Murphy argues that the August order was not "entered" until January 2016 because it did not comply with Fed. R. Civ. P. 58's "separate document" rule, and that his Notice of Appeal was timely filed from that January 2016 entry.[6] We agree with the Bankruptcy Court and the District Court that the

---

[5] Murphy seems to suggest that the Bankruptcy Court could have reopened the time to appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. But those rules do not apply to appeals from bankruptcy court orders. Instead, Fed. R. Bankr. P. 8002 provides the only circumstances under which the time may be extended to appeal a bankruptcy court order. See Fed. R. Bankr. P. 9006(b)(3) ("The court may enlarge the time for taking action under Rule[] . . . 8002 . . . only to the extent and under the conditions stated in [that] rule[].");  see also In re Sobczak-Slomczewski, 826 F.3d 429, 432 (7th Cir. 2016) (no equitable exceptions to jurisdictional requirements). Although Rule 8002 contains a provision similar to Fed. R. App. P. 4(a)(5), allowing for a limited extension of time to appeal if certain requirements are met (Murphy does not argue that he met those requirements), Rule 8002 does *not* contain a provision like Fed. R. App. P. 4(a)(6), which allows a district court to reopen the time to appeal a *district court* order under certain circumstances. And even if the Bankruptcy Court had had the authority to reopen the time to appeal, Murphy did not appeal the decision denying the motion to reopen.

[6] Rule 58 requires every judgment to be set forth in a separate document, with some exceptions not applicable here. Rule 58 is applicable to adversary proceedings in bankruptcy court. Fed. R. Bankr. P. 7058.

August order *did* constitute a separate document, and that it was thus entered when docketed.  Fed. R. Civ. P. 58(c)(2)(A), 79(a).

For an order to satisfy the separate document rule, "(1) it must be self-contained and separate from the opinion, (2) it must note the relief granted, and (3) it must omit (or at least substantially omit) the trial court's reasons for disposing of the claims."  LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007).  The August order clearly meets those criteria—the order is a separate, two-page order, docketed separately from the opinion, it noted the relief granted ("The United States' Motion is GRANTED"), and its only reference to "reasons" refers the reader to the Memorandum Opinion entered on the same date.  We also reject Murphy's argument that the August order failed to comply with Rule 58 because it contained a "recital of pleadings."  The order here only mentioned the motions and responses before the Court and did *not* include "an extended discussion of facts and procedural history."  See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 245 (3d Cir. 2006); cf. id. at 244 ("six-page Order, five pages of which were devoted to expounding the background of the case" did not comply with formalities of Rule 58(a)).

Because the August order complied with Rule 58 and was otherwise final, Murphy's January 19, 2016 notice of appeal was untimely.  We thus agree with the District Court that it lacked jurisdiction to consider the merits of Murphy's appeal, and we similarly may not consider the merits of his appeal.  See Caterbone, 640 F.3d at 113.

6

For the foregoing reasons, we grant the motion for summary action and will affirm the District Court's judgment.