**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3502
_____

In re:  SAMSON RESOURCES CORPORATION, et al.
Debtors

Diane S. Jones,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civ. No. 1-17-cv-00879)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2018
Before:  SHWARTZ, KRAUSE and FUENTES, Circuit Judges

(Opinion filed: August 10, 2018)
_____

OPINION[*]
_____

PER CURIAM

     Pro se appellant Diane Jones appeals the District Court's order dismissing her

appeal from an order of the Bankruptcy Court.  For the reasons detailed below, we will

affirm the District Court's judgment.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In September 2015, Samson Resources Corporation and its affiliated debtors (collectively, "Debtors") filed Chapter 11 petitions in the Bankruptcy Court. Thereafter, Jones and other heirs of Randolph Parker filed proofs of claim based, in part, on an oil and gas royalty lease entered into by Randolph. In February 2017, the Bankruptcy Court confirmed the Debtors' plan. On June 15, 2017, the Bankruptcy Court entered an order disallowing the claims of Jones and the other heirs. On July 3, 2017, Jones filed a notice of appeal to the District Court.

In the District Court, the Debtors filed a motion to dismiss the appeal for lack of jurisdiction. The District Court granted the motion and dismissed the appeal, concluding that Jones had not filed her notice of appeal within 14 days of the Bankruptcy Court's order. Jones then filed a timely notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 158(d)(1). We exercise de novo review over the District Court's jurisdictional ruling. See In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011).

We will affirm the District Court's judgment. In her opening brief, Jones exclusively challenges the merits of the Bankruptcy Court's decision and does not address the District Court's ruling that her notice of appeal was untimely. Thus, as Debtors argue, she has waived the key issue in this appeal. See Laborers' Int'l Union of North America, AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief[.]").

Moreover, even if Jones had not waived this issue, she would be entitled to no relief. As the District Court explained, Jones was required to file her notice of appeal

within 14 days of the Bankruptcy Court's June 15, 2017 order disallowing her claim. Fed. R. Bankr. P. 8002(a). She did not file her notice of appeal until July 3, 2017, and it was therefore untimely. As a result, the District Court lacked jurisdiction to consider it. See Caterbone, 640 F.3d at 111-13.[1] That jurisdictional defect bars not only the District Court, but also us, from reviewing the merits of Jones's bankruptcy appeal. See id. at 113.

Accordingly, we will affirm the District Court's judgment.[2]

---

[1] Further, Jones's argument in her reply brief that "excusable neglect" saves her untimely filing lacks merit because she did not file a motion seeking that relief within the time provided by Fed. R. Bank. P. 8002(d)(1)(B). See Caterbone, 640 F.3d at 113-14. Jones also argues that her notice of appeal was timely under Fed. R. App. P. 4. Jones is correct that her appeal to this Court was timely. However, the time limit to appeal the Bankruptcy Court's order to the District Court is set by Fed. R. Bank. P. 8002(a), not Fed. R. App. P. 4, and that appeal was untimely.

[2] Jones's motions to exceed the word and page count and to file a reduced number of copies of the appendix are granted. Her motion to file her supplemental appendix under seal is granted and the supplemental appendix will be sealed for 25 years. See 3d Cir. L.A.R. Misc. 106.1(c). Her motion for appointment of counsel is denied.