CLD-154                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3000
_____

In re: CHERYL ACKERMAN,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-19-cv-19526)
District Judge:  Honorable Kevin McNulty

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 15, 2021
Before:  RESTREPO, MATEY and SCIRICA, Circuit Judges

(Opinion filed April 29, 2021)
_____

OPINION[*]
_____

PER CURIAM

Cheryl Ackerman is the debtor in a Chapter 7 involuntary bankruptcy proceeding in

the United States Bankruptcy Court for the District of New Jersey.  On November 8, 2018,

Ackerman and the trustee executed a Stipulation and Consent Order in which: (1) the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

trustee consented to allow a homestead exemption on Ackerman's residence; (2) Ackerman and the trustee exchanged releases of claims; and (3) Ackerman agreed not to file any further motions, appeals, adversary proceedings, or complaints related to the bankruptcy case. The Bankruptcy Court entered a final decree closing Ackerman's case on July 18, 2019.

On September 17, 2019, Ackerman filed a notice of appeal in the Bankruptcy Court. She stated that she wished to "reopen" her case and be awarded damages. Although she did not identify which order she sought to appeal, she attached a copy of the Stipulation and Consent Order. She later filed a "Designation of Record on Appeal" in accordance with Federal Rule of Bankruptcy Proceedings 8009. Instead of identifying an underlying Bankruptcy Court order, however, Ackerman indicated that she was seeking review of a judgment entered against her in the Superior Court of New Jersey.

The District Court dismissed the appeal. The court concluded that: (1) Ackerman failed to identify the order on appeal, see Fed. R. Bankr. P. 8003, and failed to designate the bankruptcy court record, see Fed. R. Bankr. P. 8009; and (2) her appeal was barred by the terms of the Stipulation and Consent Order.[1] Ackerman sought reconsideration, but the District Court denied relief. Ackerman appealed.

---

[1] The District Court noted that Ackerman may have intended to appeal from the Bankruptcy Court's October 25, 2019 order denying a motion to reopen that she filed on September 17, 2019, but the operative notice of appeal was filed well before that order was entered.

We have jurisdiction over the final decision that the District Court rendered on Ackerman's appeal from the Bankruptcy Court. 28 U.S.C. § 158(d)(1). Our authority includes reviewing whether the District Court's own exercise of jurisdiction, per § 158(a), was proper. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). We may take summary action if it appears that no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We will vacate the District Court's judgment because the District Court lacked jurisdiction over Ackerman's appeal. First, to the extent that Ackerman sought review of the November 8, 2018 Stipulation and Consent Order, and assuming without deciding that that order was otherwise appealable, Ackerman's September 17, 2019 notice of appeal was untimely. See Fed. R. Bankr. P. 8002(a)(1) (providing that an appeal from a bankruptcy court's order must be filed within fourteen days after the entry of the order being appealed); see also 28 U.S.C. § 158(c)(2) (providing that an appeal from a bankruptcy court must be taken in the time provided by Rule 8002). Second, to the extent that the September 17, 2019 notice of appeal can be construed as challenging the July 18, 2019 final decree—or a preceding order made reviewable by the decree—it was likewise untimely. Accordingly, the District Court lacked jurisdiction over Ackerman's appeal from the bankruptcy proceedings. See In re Caterbone, 640 F.3d 108, 110 (3d Cir. 2011) (stating that the fourteen-day time period for filing a bankruptcy appeal is mandatory and jurisdictional).

Lastly, to the extent that Ackerman sought review of a judgment entered against her in the Superior Court of New Jersey, the District Court clearly lacked jurisdiction to review

such judgment. See District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

Accordingly, we will vacate the District Court's judgment and remand the matter to the District Court with instructions to dismiss the appeal from the Bankruptcy Court proceedings for lack of jurisdiction. We note that we have considered all of Ackerman's submissions, and her arguments therein do not change our disposition of the appeal. The motion for appointment of counsel is denied.