**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2935
_____

In re: 40 LAKEVIEW DRIVE, LLC, Debtor

JAY L. LUBETKIN, Chapter 7 Trustee

v.

QUINCY WONG; IRFAN SHEIKH,

GRACE S. WONG,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-17-cv-03959)
Chief District Judge: Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2018

Before: VANASKIE, COWEN and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: March 28, 2018)
_____

OPINION*
_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Grace S. Wong ("Ms. Wong") appeals from an order of the District Court dismissing her bankruptcy appeal for lack of jurisdiction and denying her motion for reconsideration. For the reasons that follow, we will affirm.

In In re: 40 Lakeview Drive, LLC, Bankruptcy Case No. 15-br-14692, the Trustee, Jay L. Lubetkin, filed an adversary proceeding against Irfhan Sheikh and Quincy Wong, challenging the validity of liens asserted by them against the Debtor's property. The Trustee also filed a motion to compel Ms. Wong, the appellant here, to turn over keys and alarm codes to the real property owned by the Debtor, specifically, a residential property located at 16 Avenue A, Mahwah, New Jersey. Ms. Wong moved pro se to intervene in the adversary proceeding. On May 2, 2017, the Bankruptcy Court held a hearing on the motion to intervene and denied it in open court; the Court's order was entered on the docket on May 9, 2017.

On May 26, 2017, Ms. Wong appealed the Bankruptcy Court's May 9 order denying her motion to intervene to the United States District Court for the District of New Jersey. On that same day she also filed a motion in the Bankruptcy Court for an extension of time to appeal the May 9 order. In an order entered on June 6, 2017, the District Court dismissed the appeal as untimely filed under Rule 8002(a)(1), which provides that a notice of appeal must be filed within 14 days of the judgment. The District Court commented (and supported by citations to the record) that Ms. Wong would be unable to show excusable neglect with regard to her untimely filing because she was aware, from past experience, of the timeliness requirements of the bankruptcy rules.

2

Ms. Wong then moved for reconsideration, advising the District Court that she had moved in the Bankruptcy Court for an extension of time to appeal. The Trustee opposed the motion. In an order entered on July 19, 2017, the District Court denied reconsideration. The Court reiterated that the time limit for filing an appeal is mandatory and jurisdictional, and noted further that the Bankruptcy Court, on July 5, 2017, had denied Ms. Wong's motion for an extension of time to appeal.[1]

Ms. Wong appeals. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 158(d). In her pro se brief on appeal, Ms. Wong contends that the District Court erred in dismissing her bankruptcy appeal as untimely filed while her motion for an extension of time was pending in the Bankruptcy Court and in dismissing her appeal without giving her the opportunity to cure the deficiency. Appellant's Pro Se Brief, at 2.

We will affirm. An appeal from a decision of a Bankruptcy Court is subject to the requirements of 28 U.S.C. § 158(c)(2), which provides that appeals "shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules." Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that, with limited exceptions not applicable here, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The taking of a civil appeal "within the prescribed time is mandatory and jurisdictional." Bowles v.

---

[1] Meanwhile, in a separate matter, the Bankruptcy Court, on June 29, 2017, issued an order compelling Ms. Wong to turn over the keys, alarm codes, and anything else reasonably necessary to gain access to the property located at 16 Avenue A in Mahwah. On July 25, 2017, Ms. Wong was held in contempt of this order pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 9020. Ms. Wong has appealed the July 25 civil contempt order, see D.C. Civ. No. 17-cv-05643. This appeal to the District Court remains pending.

3

Russell, 551 U.S. 205, 209 (2007). See also In re Caterbone, 640 F.3d 108, 110 (3d Cir. 2011) ("Section 158(c)(2) [of title 28] established a mandatory, jurisdictional deadline that statutorily encompasses Rule 8002(a)'s specified timeline for appealing the judgment of a bankruptcy court, such that the timeline is not akin to a freestanding, waivable "claim-processing rule[.]").

We reject as unpersuasive the arguments raised by Ms. Wong in her pro se brief on appeal. The District Court was required by Rule 8002(a)(1) to dismiss her appeal for lack of jurisdiction. Ms. Wong's notice of appeal was due on May 23, 2017, and was not filed by that date. Rule 8002(d)(1) provides that "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect, Fed. R. Bankr. P. 8002(d)(1). Here, the Bankruptcy Court denied Ms. Wong's motion for an extension of time to appeal. Ms. Wong's motion for reconsideration was properly denied because she did not argue an intervening change in the law, new evidence, or a clear error of law. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Insofar as the Bankruptcy Court had already denied Ms. Wong an extension of time to appeal, there was nothing for the District Court to reconsider.

For the foregoing reasons, we will affirm the orders of the District Court dismissing Ms. Wong's bankruptcy appeal and denying reconsideration. Appellee Lubetkin's motion to file a supplemental appendix is granted. Ms. Wong's motion to stay the appeal and all lower court proceedings pending an investigation, and motion to strike appellee Lubetkin's motion to file a supplemental appendix, are denied.

4