**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2640
_____

IN RE:  ROADHOUSE HOLDING INC., ET AL.,

Debtors

WAYNE ENGLISH,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:17-cv-00731)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2019

Before: KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed February 5, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se litigant Wayne English appeals from the District Court's orders dismissing his bankruptcy appeal as untimely and denying his related motion for reconsideration. For the reasons that follow, we will affirm those orders.

I.

On May 25, 2017, the United States Bankruptcy Court for the District of Delaware entered a final order in a Chapter 11 proceeding brought by Roadhouse Holding Inc. ("Roadhouse"). English, whose claim against Roadhouse had been expunged by the Bankruptcy Court, sought to appeal from the May 25, 2017 order. The deadline for filing his notice of appeal was Thursday, June 8, 2017, see Fed. R. Bankr. P. 8002(a)(1) (establishing 14-day appeal period); see also 28 U.S.C. § 158(c)(2) (providing that an appeal from a bankruptcy court must be taken in the time provided by Rule 8002), but the United States Postal Service ("USPS") did not deliver that notice to the Bankruptcy Court until Monday, June 12, 2017.[1] As a result, Roadhouse moved the District Court to dismiss English's appeal as untimely. On March 22, 2018, the District Court granted the motion to dismiss. English then timely moved the District Court to reconsider its decision. On June 27, 2018, the District Court denied English's motion. This timely appeal followed.[2]

---

[1] English mailed the notice of appeal from Texas.
[2] We have jurisdiction to review the District Court's orders pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. We review de novo whether the District Court properly dismissed English's appeal as time-barred. See In re Caterbone, 640 F.3d 108, 111 (3d

II.

The 14-day time period for filing a bankruptcy appeal is mandatory and jurisdictional, see Caterbone, 640 F.3d at 110, and it is not subject to equitable tolling, see Bowles v. Russell, 551 U.S. 205, 214 (2007) (indicating that federal courts have "no authority to create equitable exceptions to jurisdictional requirements"). It is undisputed that the 14-day appeal period in this case expired on June 8, 2017. We agree with the District Court that English's notice of appeal from the Bankruptcy Court's decision was filed after that deadline. As the District Court explained, the notice was filed, at the earliest, in the afternoon on June 9, when the notice first arrived in the Bankruptcy Court's "unit" at the local post office. See Caterbone, 640 F.3d at 110 (indicating that a notice of appeal is deemed filed when the court receives it, not when it is mailed).[3]

Although English's notice of appeal was untimely, he had the opportunity to cure this defect by moving the Bankruptcy Court, on or before June 29, 2017, to extend the time to appeal based on a claim of excusable neglect. See Fed. R. Bankr. P. 8002(d)(1)(B). However, he did not file such a motion. Accordingly, the District Court

---

Cir. 2011). As for the District Court's order denying reconsideration, we review that decision for abuse of discretion, exercising de novo review over the District Court's legal conclusions and reviewing its factual findings for clear error. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

[3] To the extent that English argues that the "filed" date was earlier than June 9, we, like the District Court before us, find his argument unpersuasive. We also note that, because English is not a prisoner, the prison mailbox rule, see Houston v. Lack, 487 U.S. 266, 276 (1988) (indicating that a prisoner's submission is deemed filed when he gives it to prison officials for forwarding to the court), is inapplicable in this case.

had no choice but to dismiss English's appeal as time-barred, and the District Court did not err in subsequently denying his motion for reconsideration.

In light of the above, we will affirm the District Court's March 22, 2018 and June 27, 2018 orders. English's motion to supplement the record on appeal is denied, as he has not demonstrated that this case presents the type of "exceptional circumstances" that warrant supplementation. See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226 (3d Cir. 2009).[4]

---

[4] The USPS tracking information for English's notice of appeal is already part of the record in this case. His motion to supplement the record appears to seek permission to submit USPS tracking information for other, unspecified mailings (which may or may not have been filed in other cases), but he has not established that this latter information would affect the timeliness analysis here.