953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Raymond BRANHAM, Debtor.
HOFFMAN & KUHN, INC., Plaintiff-Appellee,
v.
Raymond BRANHAM, Defendant-Appellant.
 No. 91-3824.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This is a pro se appeal from the dismissal by the district court of the debtor's appeal to it from the bankruptcy court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The matter originated as an adversary proceeding in the United States Bankruptcy Court for the Southern District of Ohio. Debtor filed his petition for relief under Chapter 7 of Title 11, United States Code on December 29, 1988. Creditor initiated an adversary proceeding seeking a determination from the bankruptcy court that the debt to the creditor was not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B). After a trial on the matter, the bankruptcy court, in an opinion and order entered April 25, 1991, found that the debt owed the creditor was nondischargeable. Debtor filed a notice of appeal from the April 25 order on May 7, 1991. Thereafter, the creditor filed a motion to dismiss for failure to timely file a notice of appeal. The district court granted the motion to dismiss in an order entered August 14, 1991. This appeal followed.
 
 
 3
 Upon review, we conclude that the district court correctly dismissed the appeal from the bankruptcy court. A review of the record indicates that the notice of appeal was filed outside the prescribed appeal period. The decision of the bankruptcy court was entered April 25, 1991. The time for filing a notice of appeal runs from the date of entry of the order. See Bankr.R. 8002(a). No service of the order is necessary to start the running of the appeal period. See In re Ozark Restaurant Equipment Co., 761 F.2d 481, 482 n. 1 (8th Cir.1985) (quoting Goff v. Pfau, 418 F.2d 649, 654 (8th Cir.1969), cert. denied, 398 U.S. 931 (1970)). The May 7, 1991, notice of appeal was filed one day beyond the ten-day appeal period prescribed by Bankr.R. 8002(a), as calculated pursuant to Bankr.R. 9006(a). The district court, thus, lacked jurisdiction over the debtor's appeal because the notice of appeal was not timely filed. Contrary to the debtor's claim, the three day rule of 9006(f), which applies to time periods which run from service of notice, does not apply.
 
 
 4
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.