**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2858
_____

IN RE: NATIONWIDE AMBULANCE SERVICES, INC.,

Debtor

NANCY ISAACSON

v.

ALEXANDER IVCHENKO,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-18584)
District Judge:  Honorable Claire C. Cecchi

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 21, 2021
Before:  AMBRO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: August 10, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Alexander Ivchenko appeals from an order of the United States District Court for the District of New Jersey, which affirmed the judgment of the United States Bankruptcy Court for the District of New Jersey. Because it is unclear whether the District Court had jurisdiction, we will remand with instructions.

This appeal involves an adversary proceeding before the Bankruptcy Court. On September 6, 2019, the Bankruptcy Court entered a money judgment in favor of Nancy Isaacson, the Chapter 7 Trustee, and against Ivchenko.[1] Ivchenko had 14 days to appeal that decision to the District Court, i.e., until September 20, 2019. Fed. R. Bankr. P. 8002(a)(1). Ivchenko did not file his notice of appeal until September 30, 2019. The taking of a civil appeal "within the prescribed time is mandatory and jurisdictional." Bowles v. Russell, 551 U.S. 205, 209 (2007). See also In re Caterbone, 640 F.3d 108, 110 (3d Cir. 2011) ("Section 158(c)(2) [of title 28] established a mandatory, jurisdictional deadline that statutorily encompasses Rule 8002(a)'s specified timeline for appealing the judgment of a bankruptcy court, such that the timeline is not akin to a freestanding, waivable 'claim-processing rule[.]'").[2]

---

[1] As the order constituted a "separate document" under Rule 58 of the Federal Rules of Civil Procedure, the order was entered for purposes of Fed. R. Bankr. P. 8002 when it was entered on the Bankruptcy Court docket. See Fed. R. Bankr. P. 8002(a)(5).

[2] We asked the parties to file supplemental briefs regarding our jurisdiction. Ivchenko argues that we should adopt the reasoning of our sister court and determine that the time to appeal under Rule 8002 is *not* jurisdictional. See Appellant's Supplemental Brief at 2,

The Bankruptcy Court may extend the time to appeal if the party moves within the 14-day appeal period, or if within 21 days thereafter the party moves to extend the time to appeal and shows excusable neglect. Fed. R. Bankr. P. 8002(d)(1). While Ivchenko did not file a formal motion, he did send a letter to the Bankruptcy Court, received by that Court on October 4, 2019. Bankr. Dkt. #41. The letter is addressed to Judge Gambardella,[3] explains that Ivchenko was out of state and did not receive the judgment until September 21, and asks the Court to "accept [Ivchenko's] absence as a valid reason to reopen this case for appeal." Id. The Bankruptcy Court did not address Ivchenko's request.

We construe this letter to be a motion for extension of time to appeal. We therefore will remand the matter to the District Court, with instructions to remand to the Bankruptcy Court to consider Ivchenko's motion for an extension of time to appeal. We express no opinion as to how the Bankruptcy Court should rule on the motion but note that "[d]emonstrating excusable neglect is a demanding standard" and that the bankruptcy judge has "wide discretion" in determining whether the standard is met. See In re

---

citing In re Tennial, 978 F.3d 1022, 1025 (6th Cir. 2020). But we have already determined that the deadline *is* mandatory and jurisdictional, see Caterbone, 640 F.3d at 110, and Caterbone remains good law, see 3d Cir. I.O.P. 9.1 (providing that en banc consideration is required to overrule a prior panel's precedential opinion).

[3] Appellee argues that the letter "was not directed to the Bankruptcy Court," see Appellee's Supplemental Brief at 5, but does not explain further.

Sheedy, 875 F.3d 740, 743-44 (1st Cir. 2017) (internal quotation marks and citation omitted).[4]  We will retain jurisdiction pending the Bankruptcy Court's decision on Ivchenko's motion.

For the foregoing reasons, we will remand to the District Court.

---

[4] Appellant argues that "'[g]ood cause' has been uniformly interpreted to mean most 'any cause,'" Appellant's Supplemental Brief at 3, but Appellee argues that being out of state "does not provide a sufficient basis to establish excusable neglect," Appellee's Supplemental Brief at 5.  We leave it to the Bankruptcy Court to make this discretionary decision.

4