**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-1056 & 22-1057
_____

IN RE: JOHN MICHAEL WALSH; ROSEMARY JOANNE WALSH,
Debtors/Appellants
_____

CHICAGO TITLE INSURANCE COMPANY

v.

ROSEMARY JOANNE WALSH

_____

FIDELITY NATIONAL TITLE INSURANCE COMPANY

v.

ROSEMARY JOANNE WALSH; JOHN MICHAEL WALSH

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 2:20-cv-20220 & 2:20-cv-20215)
District Judge: Honorable Brian R. Martinotti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 25, 2023

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*

(Filed: April 28, 2023)

—————————

## OPINION[*]

—————————

BIBAS, *Circuit Judge*.

John and Rosemary Walsh filed jointly for Chapter 7 bankruptcy. Fidelity National Title Insurance Company and Chicago Title Insurance Company then filed adversary proceedings against them. The bankruptcy court struck the Walshes' answers and entered default judgments for both Fidelity and Chicago on November 19, 2020. Fourteen days later, the Walshes moved for more time to file their notices of appeal. On December 22, thirty-three days after entry of the judgment—well past the fourteen-day deadline to appeal—they filed their notices of appeal. Fed. R. Bankr. P. 8002(a)(1). Almost a month later, the bankruptcy court denied their motions to extend time. The Walshes never appealed the denial of those extension motions. If they had done so, we could have considered whether they had good reason for their delay.

Instead, after that denial, they moved the District Court for more time to file their notices of appeal, regurgitating the extension motions they had made below. The District Court denied those motions, holding that it lacked jurisdiction to extend the time to appeal. It was right. Under our precedent, the fourteen-day deadline to appeal a bankruptcy-court judgment is jurisdictional. *In re Caterbone*, 640 F.3d 108, 112 (3d Cir. 2011). The Walshes try to distinguish *Caterbone* because they had moved for extensions, but that distinction

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

makes no difference. They do not ask us to reconsider *Caterbone*, so we decline to do so. *Cf. In re Tennial*, 978 F.3d 1022, 1024 (6th Cir. 2020) (Sutton, J.). In any event, the Walshes offer no good reason for failing to appeal within fourteen days and failing to appeal the denial of their extension motions. We thus affirm the District Court's dismissal for lack of jurisdiction.