NOT RECOMMENDED FOR PUBLICATION
File Name: 24b0003n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: JOHN STEVE HUFFMAN,

*Debtor*.

_____

TEENA COLEBROOK,

*Plaintiff-Appellant*,

*v.*

JOHN STEVE HUFFMAN,

*Debtor-Appellee*.

No. 24-8010

Appeal from the United States Bankruptcy Court for the Middle District of Tennessee at Nashville.
Nos. 23-bk-03264; 24-ap-90018—Randal S. Mashburn, Bankruptcy Judge.

Decided and Filed:  June 13, 2024

Before:  CROOM, GUSTAFSON, and STOUT, Bankruptcy Appellate Panel Judges.

_____

**LITIGANT**

**ON RESPONSE TO SHOW CAUSE ORDER:**  Teena Colebrook, San Luis Obispo, California, pro se.

_____

**OPINION**

_____

CROOM, Bankruptcy Appellate Panel Judge.  This appeal arises from the bankruptcy court's order, entered on April 19, 2024, granting Teena Colebrook's ("Appellant") motion for *in forma pauperis* status, but dismissing her adversary complaint.  (Order, ECF No. 22, Adv. P. 3:24-AP-90018.)  Pursuant to Federal Rule of Bankruptcy Procedure 8002, to be timely, Appellant

needed to file her notice of appeal by May 3, 2024.  Appellant did not, however, file her notice of appeal until May 13, 2024, ten days beyond the deadline.  Thus, the Panel issued an order on May 28, 2024, directing Appellant to show cause why this appeal should not be dismissed.  Appellant filed a response to the show cause order on June 5, 2025.

Pursuant to Federal Rule of Bankruptcy Procedure 8002, subject to certain exceptions not relevant to this proceeding, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a). For purposes of Rule 8002(a), "entry" is defined as "when [a judgment, order, or decree] is entered in the docket[.]"  Fed. R. Bankr. P. 8002(a)(5).  The Sixth Circuit Court of Appeals has held that while Rule 8002 is non-jurisdictional, it remains "mandatory."  *Tennial v. REI Nation, LLC* (*In re Tennial*), 978 F.3d 1022, 1028 (6th Cir. 2020).  Moreover, the Sixth Circuit has held that pro se status does not relieve an appellant from complying with the deadline for filing a notice of appeal. *See Kinney v. F. Scott Milligan & Anderson Lumber Co., Inc.* (*In re Kinney*), No. 3:21-CV-131-TAV-JEM, 2022 WL 806599, at *2 (E.D. Tenn. Mar. 15, 2022) (quoting *Cmty. Fin. Serv. Bank v. Edwards* (*In re Edwards*), 748 F. App'x 695, 700 (6th Cir. 2019) (enforcing the Rule 8002 deadline against a pro se appellant and stating that "although courts must construe liberally pro se filings, it does not follow that courts must excuse a pro se litigant's failure to comply with straightforward rules for which no legal training is required.") (cleaned up)); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that a failure to comply with "procedural requirements that a layperson can comprehend as easily as a lawyer," for example, cannot be excused by a litigant's pro se status.).  "The leniency granted to pro se [litigants] ... is not boundless."  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

In her response to the show cause order, Appellant acknowledged the memorandum opinion entered on April 19, 2024, but asserted that the order dismissing the case was not entered until April 24, 2024 when the bankruptcy court issued notice of entry of the order.[1]  A review of the

---

[1] "Appellant emphatically states that the Order of April 19th, 2024, was only a Memorandum and not an Appealable Final Order of the Court until April 25th, 2024 when appellant received a notice "ORDER GRANTING APPLICATION FOR IN FORMA PAUPERIS STATUS, BUT DISMISSING THE COMPLAINT" which appeared to have been filed on April 24th, 2024 and did cause understandable confusion; which starts the proper running of the correct calculation of the Notice of Appeal in accords and pursuant to BAP Rule 8002 (a)(2)[.]"  (Appellant's Resp. to Order at 2, BAP Case No. 24-8010 ECF No. 4.)

bankruptcy court docket shows that the order dismissing the adversary proceeding was in fact entered on April 19, 2024, the same day as the separate memorandum opinion. (*See* Mem. Op., ECF No. 21, & Order, ECF No. 22, Adv. P. 3:24-AP-90018); *see also* Fed. R. Bankr. P. 8002(a)(5). Rule 8002(a) clearly states that a party has 14 days from "*entry* of the judgment, order, or decree being appealed." Fed R. Bankr. P. 8002(a) (emphasis added). "The time for filing a notice of appeal runs from the date of entry of the order. *See* [Fed. R. Bankr. P.] 8002(a). *No service of the order is necessary to start the running of the appeal period.*" *Hoffman & Kuhn v. Brandham* (*In re Branham*), 953 F.2d 644 (6th Cir. 1992) (table) (emphasis added) (citing *In re Ozark Restaurant Equipment C*o., 761 F.2d 481, 482 n.1 (8th Cir. 1985) (*quoting Goff v. Pfau*, 418 F.2d 649, 654 (8th Cir. 1969), cert. denied, 398 U.S. 931 (1970))). Appellant's argument that the time period for filing her notice of appeal did not begin to run until the bankruptcy court issued notice of the order is without merit.[2]

Appellant also asserted that the Panel calculated the time for filing a notice of appeal incorrectly under Bankruptcy Rule 9006.

> For the Panel or the Office of the Clerks' calculations to include SATURDAY, AND SUNDAYS, IS A DIRECT CONFLICT WITH THE RULE AND PROCEDURES OF LAW AND OF THE BANKRUPTCY & APPELLATE COURT THAT IS BINDING ON THE BK PANEL. DISCREDITING AND CLEARING ANY AND ALL ALLEGE DEFICENCY WITHIN Appellant's Notice of Appeal.

(Appellant Resp. to Order at 2–3, ECF No. 4, BAP Case No. 24-8010.) This argument is also without merit. Federal Rule of Bankruptcy Procedure 9006, entitled "Computing and Extending Time; Time for Motion Papers," provides that when a time period in the Federal Rules of Bankruptcy Procedure "is stated in days or a longer unit of time," a party must:

> (A) exclude the day of the event that triggers the period;
> (B) count every day, *including intermediate Saturdays, Sundays, and legal holidays*;
>     and

---

[2]Even if the April 24, 2024 service date were the applicable starting point for the Rule 8002(a) calculation, Appellant's deadline for filing a notice of appeal would have expired on May 8, 2024. Thus, Appellant's May 13, 2024 notice of appeal would have still been untimely.

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Bankr. P. 9006(a)(1)(A)–(B) (emphasis added). Rule 9006 also provides that if the clerk's office is inaccessible on the last day for filing under subsection (a), then the time for filing "is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday[.]" Fed. R. Bankr. P. 9006(a)(3). The order on appeal having been entered on April 19, 2024, the deadline for filing a notice of appeal was Friday, May 3, 2024. That day was not a Saturday, Sunday or legal holiday and the clerk's office was accessible on that day.

Finally, Appellant's assertion that she should receive more time to file a notice of appeal due to the delay in receipt of the certificate of notice of entry of the order must also be rejected. The bankruptcy court's CM/ECF Notice of Electronic Filing states that the bankruptcy court sent electronic notice to Appellant on April 19, 2024, via her email: "tc4gold@gmail.com". (BNC Certificate of Notice, ECF No. 25, Adv. P. 3:24-AP-90018.) Additionally, Appellant also admits receiving notice of the order on April 25, 2024. (*See* Appellant Resp. to Order at 2, ECF No. 4, BAP Case No. 24-8010.) Because Appellant admits receiving notice of the order prior to expiration of the Rule 8002(a) 14-day time period on May 3, 2024, her May 13, 2024 notice of appeal was untimely. *See Tennial,* 978 F.3d at 1028 (rejecting the appellant's excuse for a dilatory filing, where notice was received on the final day of the deadline for filing an appeal.)[3]

Accordingly, the Appeal is hereby DISMISSED.

---

[3]Appellant did not file a motion for an extension of time to file an appeal within the time allotted by Bankruptcy Rule 8002(d) nor did she file a qualifying tolling motion under Rule 8002(b).