**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2253
_____

In re:  STAN JOSEPH CATERBONE,
                                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-21-cv-01169)
District Judge:  Honorable Edward G. Smith

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 22, 2021

Before: JORDAN, MATEY and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 22, 2021)
_____

OPINION[*]
_____

PER CURIAM

      Stanley J. Caterbone appeals from an order of the United States District Court for

the Eastern District of Pennsylvania, which dismissed for lack of jurisdiction his appeal

from the dismissal of his bankruptcy petition.  We will affirm the District Court's

judgment.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In January 2021, Caterbone filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania. On February 17, 2021, the Bankruptcy Court dismissed the petition, as Caterbone had not paid the required filing fee.[1] On March 4, 2021, Caterbone filed a notice of appeal to the United States District Court for the Eastern District of Pennsylvania.

The District Court informed Caterbone that his appeal appeared to be one day late and that his appeal also failed to comply with Federal Rule of Bankruptcy Procedure 8009, as he failed to designate the record on appeal. The District Court ordered Caterbone to show cause why the appeal should not be dismissed for lack of jurisdiction. Caterbone responded to the District Court's show-cause order, but he did not address the issue of his appeal's untimeliness or his failure to comply with procedural rules. The District Court dismissed his appeal for lack of jurisdiction, and Caterbone timely appealed.

We have jurisdiction under 28 U.S.C. § 158(d)(1) and exercise de novo review of the District Court's decision. See In re Denby-Peterson, 941 F.3d 115, 122 n.21 (3d Cir. 2019). We agree with the District Court that Caterbone's appeal from the Bankruptcy Court was not timely filed—under Fed. R. Bankr. P. 8002(a)(1), Caterbone had 14 days to appeal to the District Court, but his appeal was filed on the 15th day. The taking of a civil appeal "within the prescribed time is mandatory and jurisdictional." Bowles v. Russell, 551 U.S. 205, 209 (2007). And as we have explained in an opinion addressing

_____

[1] Before dismissing the petition, the Bankruptcy Court gave Caterbone notice that it might dismiss the petition and gave him a chance to respond at a show-cause hearing.

2

one of Caterbone's previous appeals, that precept applies in the bankruptcy context, too. In re Caterbone, 640 F.3d 108, 110 (3d Cir. 2011) ("[T]he prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional."). The District Court thus properly dismissed his appeal for lack of jurisdiction.[2]

We will affirm the District Court's judgment.

---

[2] We note that Caterbone's brief here makes no attempt to counter the District Court's determination that his appeal was untimely; indeed, the brief does not even mention the timeliness or untimeliness of his appeal from the Bankruptcy Court.