**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2754
_____

In re: TOWN SPORTS INTERNATIONAL LLC,
Debtor

RAMON MORENO-CUEVAS,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:21-cv-00458)
District Judge: Honorable Maryellen Noreika

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2022

Before: MCKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 31, 2022)
_____

OPINION[*]
_____

PER CURIAM

Ramon Moreno-Cuevas, who is proceeding pro se, appeals from the District

Court's order dismissing his bankruptcy appeal as untimely. For the reasons that follow,

we will dismiss the appeal for lack of jurisdiction.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

In 2019, Moreno-Cuevas filed an action in the United States District Court for the District of Connecticut against Town Sports International and related parties ("the Connecticut action"). While that action was pending, Town Sports International filed bankruptcy petitions under chapter 11 in the United States Bankruptcy Court for the District of Delaware. Moreno-Cuevas then filed motions to dismiss the bankruptcy case, alleging that it impinged on his right to a jury trial in the Connecticut action. Town Sports International filed an objection to the motions to dismiss, arguing that its chapter 11 petitions were filed in good faith. The Bankruptcy Court denied the motions to dismiss by order entered January 25, 2021. Moreno-Cuevas filed a notice of appeal on March 29, 2021.

Town Sports International moved in the United States District Court for the District of Delaware to dismiss the appeal on the basis that Moreno-Cuevas' notice of appeal was not timely filed. (ECF 10.) The District Court granted the motion to dismiss, holding that it lacked jurisdiction because Moreno-Cuevas did not file his appeal within 14 days of entry of the Bankruptcy Court's order, as required under Federal Rule of Bankruptcy Procedure 8002(a)(1). (ECF 22.) This timely appeal followed. (ECF 29.)

We have jurisdiction to review the District Court's orders pursuant to 28 U.S.C. § 158(d)(1). See In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011). We review de novo whether the District Court properly dismissed Moreno-Cuevas' appeal as time-barred. See id.

constitute binding precedent.

2

The 14-day time period for filing a bankruptcy appeal is mandatory and jurisdictional, see Caterbone, 640 F.3d at 110, and it is not subject to equitable tolling, see Bowles v. Russell, 551 U.S. 205, 214 (2007) (indicating that federal courts have "no authority to create equitable exceptions to jurisdictional requirements"). The 14-day appeal period in this case expired on Monday, February 8, 2021. Moreno-Cuevas' notice of appeal was filed on March 29, 2021, the date that the Bankruptcy Court received it. See Caterbone, 640 F.3d at 110 (indicating that a notice of appeal is deemed filed when the court receives it, not when it is mailed).[1] Although Federal Rule of Bankruptcy Procedure 8002(d) allows a party to seek an extension of the appeal period by filing a motion showing excusable neglect with the Bankruptcy Court no later than 21 days after the expiration of the initial 14-day appeal period, Moreno-Cuevas never requested such an extension.

For the foregoing reasons, we will dismiss the appeal for lack of jurisdiction.[2] See Caterbone, 640 F.3d at 111 (stating that "[i]f our independent review yields the conclusion that the District Court lacked subject matter jurisdiction over an appeal from the Bankruptcy Court, the appropriate disposition is dismissal of the appeal")

---

[1] In the District Court, Moreno-Cuevas offered various theories as to why his notice of appeal should be considered timely. (ECF 13.) For the reasons provided by the District Court (ECF 22, at 5-7), we conclude that those theories lack merit.

[2] We deny Moreno-Cuevas' request to file a supplemental appendix, to provide a substitute appendix for the one filed by the Appellee, and to expand the record to include documents filed in the District of Connecticut is granted. (Doc. 45.) The documents that Moreno-Cuevas asks us to consider are not necessary to the disposition of this appeal.